NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————————

No. 14-1812

—————————

DAVID CROCKETT,
                                                    Appellant

v.

SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY,
d/b/a SEPTA; PASQUALE T. DEON, SR., in his individual capacity;
JACK K. LEARY, in his individual capacity;
FAYE MOORE, in her individual capacity;
JOSEPH M. CASEY, in his individual capacity;
LUTHER DIGGS, in his individual capacity;
PAT NOWAKOWSKI, in his individual capacity;
BERNARD COHEN, in his individual capacity;
JEFFREY KNUPPEL, in his individual capacity;
JAMES B. JORDAN, in his individual capacity;
NICHOLAS J. STAFFIERI, in his individual capacity

—————————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-12-cv-04230)
District Judge: Honorable Michael M. Baylson

—————————

Submitted Under Third Circuit LAR 34.1(a)
January 12, 2015

Before: AMBRO, FUENTES, and ROTH, <u>Circuit Judges</u>

(Opinion filed: January  30, 2015)

_____

OPINION*

_____

AMBRO, <u>Circuit Judge</u>

David Crockett appeals the District Court's dismissal of his due-process claim under 42 U.S.C. § 1983 against the Southeastern Pennsylvania Transportation Authority ("SEPTA") and ten individual defendants. Because Crockett has failed to allege that his harm stemmed from any affirmative act (as opposed to passive inaction), we affirm.

**I.**

On September 1, 2010, a trap door on Crockett's SEPTA train "sprang forward, striking [him] on his right leg and slam[ing] down on his left foot." Crockett alleges that the incident can be traced to a mechanical defect that SEPTA has known about since the 1980s yet has failed to fix. He subsequently filed a putative class action in the U.S. District Court for the Eastern District of Pennsylvania on behalf of himself and all other passengers riding on his train that day. Specifically, he brought negligence claims against SEPTA, and he brought a § 1983 due-process claim against SEPTA and the individual defendants based on a state-created danger theory of liability.

The defendants filed a motion to dismiss Crockett's § 1983 claim under Federal Rule of Civil Procedure 12(b)(6), arguing, among other things, that Crockett failed to allege adequately the elements of a state-created danger claim. The District Court

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

granted the motion, leaving only Crockett's state-law tort claims.  The parties subsequently settled these claims with an agreement that Crockett could appeal the District Court's dismissal of his § 1983 claim.  This appeal followed.

## II.

Our review of a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) is plenary.  *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 163 (3d Cir. 2010).  "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff's claims lack facial plausibility."  *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011).  In undertaking that inquiry, we view the evidence in the light most favorable to the non-moving party.  *Heightened Independence & Progress, Inc. v. Port Auth. of N.Y. & N.J.*, 693 F.3d 345, 351 (3d Cir. 2012).

## III.

Reading the facts in the light most favorable to Crockett, we agree with the District Court that he has not pled a plausible due-process claim under a state-created danger theory.  This doctrine, which is an exception to the general rule that a state is not required to protect citizens from harm, only applies when state actors acted affirmatively either to expose a plaintiff to danger or to render him more vulnerable to harm.  *Bright v. Westmoreland Cnty.*, 443 F.3d 276, 281 (3d Cir. 2006).  Crockett's claim fails because he has not alleged that his harm stems from any affirmative act.

3

Our decision in *Searles v. SEPTA*, 990 F.2d 789 (3d Cir. 1993), is directly on point. There we held that the plaintiff's allegations "that [the] defendants failed to secure the motor properly" on a SEPTA train, "and also failed to discover the alleged dangerous condition despite numerous purported maintenance inspections," could not proceed under the state-created danger theory of liability because "the fundamental cause of danger was a *failure* to act." *Id.* at 793 (emphasis added). Likewise, while Crockett contends state officials acted by forgoing daily inspections, passive inertia, resulting in nothing being done, falls short of an "affirmative act in the traditional sense." *Id.* That Crockett attempts to "restat[e] the [d]efendants' inaction as an affirmative failure to act does not alter the passive nature of the alleged conduct." *Morrow v. Balaski*, 719 F.3d 160, 179 (3d Cir.) (en banc), *cert. denied*, 134 S. Ct. 824 (2013).

\* \* \*

Because we conclude that Crockett failed to allege that defendants took any affirmative act to place him in danger, we need not reach the District Court's alternative grounds for dismissing Crockett's § 1983 claim. We thus affirm.

4